UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL A. MERCER *ex rel.* DANIEL B. MERCER, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | CASE NO. C09-1826-RSM <br><br> REPORT AND RECOMMENDATION |

Plaintiff Carol A. Mercer *ex rel.* Daniel B. Mercer[1] appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). The Court finds this case appropriate for resolution without oral argument. For the reasons set forth below, the Court

---

[1] Plaintiff Daniel B. Mercer died on March 27, 2010. (Dkt. 12.) On May 24, 2010, the Court granted plaintiff's motion to substitute Carol Mercer as plaintiff in this case pursuant to Federal Rule of Civil Procedure 25(a)(1). (Dkt. 16.)

REPORT AND RECOMMENDATION
PAGE -1

recommends that the Commissioner's decision be AFFIRMED.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1957 and was 46 years old on his alleged onset date of disability. (Administrative Record ("AR") at 16, 167.) He obtained a General Equivalency Diploma and took classes in the Marine Engineering Technology Program at Seattle Central Community College, but did not complete the program. (AR 394.) His past work experience includes employment as a seafood processor, sales clerk, plastics molding technician, and plastics production supervisor. (AR 133, 402-403, 438.) Plaintiff was last gainfully employed in July 2003. (AR 406-407.) Plaintiff asserts that he is disabled due to hepatitis C, porphyria cutanea tarda, and alcohol dependence. (AR 18.) He asserts an onset date of July 1, 2003. (AR 16.)

The Commissioner denied plaintiff's claim initially and on reconsideration. (AR 49-52, 54-55.) Plaintiff requested a hearing, which took place on October 31, 2006. (AR 377-86.) At the hearing, the ALJ concluded that plaintiff needed to undergo a psychiatric examination, and rescheduled the hearing. (AR 383-84.) Thereafter, psychologist Jeff Bremer, Ph.D., conducted a psychological evaluation of the plaintiff. (AR 281-86.) On May 1, 2007, the ALJ held another hearing and heard testimony from medical experts Irwin Shapiro, M.D., and Leo Vanderreis, M.D. (AR 443-74.) Dr. Shapiro testified that plaintiff should have undergone cognitive testing. (AR 448-49.) Accordingly, the ALJ referred plaintiff for a second psychological evaluation with Dr. Bremer, which took place on August 15, 2007. (AR 304-12.) On September 26, 2007, the ALJ issued a decision finding plaintiff not disabled. (AR 35-43.) Plaintiff appealed the ALJ's decision to the Appeals Council, which vacated the hearing decision and remanded the case to the ALJ for further administrative proceedings.

01  (AR 77-80.)

02  On December 8, 2008, the ALJ held another hearing and heard testimony from the plaintiff, medical expert Joselyn Bailey, M.D., and vocational expert Joseph Moisan. (AR 387-42.) On March 3, 2009, the ALJ issued a decision finding the plaintiff not disabled. (AR 16-26.) Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). (AR 3-5.) On December 24, 2009, plaintiff timely filed the present action challenging the ALJ's decision. (Dkt. 1.)

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

(9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005).

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)(citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   DISCUSSION

As the claimant, Mr. Mercer bears the burden of proving that he is disabled within the meaning of the Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since July 1, 2003, the alleged onset date. (AR 18.) At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found plaintiff had the following severe impairments: hepatitis C, porphyria cutanea tarda, and alcohol dependence. (AR 18.) Step three asks whether the claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. (AR 21.) If the claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff had the RFC to perform light work with additional limitations.[2] (AR 21.) The ALJ concluded that plaintiff was unable to perform his past relevant work. (AR 24.) If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099-1100 (9th Cir. 1999). The ALJ found that plaintiff was capable of

---

[2] The ALJ determined the plaintiff could "lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for six hours total in an 8-hour day with normal breaks and sit for six hours total in an 8-hour day with normal breaks. He can occasionally crawl but must avoid climbing ladders, ropes, and scaffolds. He is limited to occasional handling (gross manipulation) and fingering (fine manipulation) with the left non-dominant hand." (AR 21.)

REPORT AND RECOMMENDATION
PAGE -5

making an adjustment to other jobs existing in significant numbers in the national economy, such as meter reader, PCB computer board touch up inspector, and picking table worker. (AR 25-26.) Accordingly, the ALJ concluded that plaintiff was not disabled. (AR 26.)

Plaintiff argues that the Commissioner (1) improperly evaluated the lay witness testimony of his daughter Danielle McCurley, his wife Carol Mercer, and his wife's former caregiver Anita Pratt; and (2) erred in posing a hypothetical to the vocational expert. (Dkt. 21 at 8-12.) He requests remand for an award of benefits, or, alternatively, for further administrative proceedings. *Id*. at 12-13. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. (Dkt. 23.) For the reasons described below, the Court agrees with the Commissioner.

A. <u>Lay Witness Testimony</u>

In order to determine whether a claimant has an impairment, an ALJ must consider lay witness testimony, such as testimony by nurse-practitioners, physicians' assistants, and counselors, as well as non-medical sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1513(d)(4). Lay witness testimony regarding a claimant's symptoms or how an impairment affects ability to work is competent evidence, 20 C.F.R. § 404.1513(e); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); and therefore cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). If an ALJ wishes to discount the testimony of a lay witness, she must provide reasons germane to each witness. *Id*.

In the present case, the plaintiff submitted statements made by his daughter Danielle McCurley, his wife Carol Mercer, and his wife's former caregiver Anita Pratt, on questionnaires prepared by plaintiff's counsel. (AR 135-51.) In her questionnaire, plaintiff's

REPORT AND RECOMMENDATION
PAGE -6

daughter wrote that plaintiff "is very tired throughout the day and has to nap often." (AR 135.) She noted that "[b]ecause he is tired he can't stand long or spend all the time he needs on daily activities," and that "he is slow in doing tasks because he gets tired." (AR 135, 138.) Plaintiff's wife stated he is "tired all the time" (AR 149), and "has to take naps throughout the day because he gets tired." (AR 147.)  His wife's former caregiver stated that plaintiff had to lie down or recline during the day due to "constant fatigue." (AR 143.)

The ALJ, discounted the lay witnesses' statements, stating as follows:

> The undersigned has evaluated the lay witness statements of Danielle McCurley, Anita Pratt and Carol Mercer (Exhibit 7E) and finds that those statements in this matter not probative in terms of the ultimate issue of disability in light of the medical and other factors of this case. The undersigned concludes that the lay witnesses' statements in the case cannot outweigh my analysis of the objective clinical and laboratory evidence, and medical opinion of record, and of claimant's own credibility. It is also noted the statements were generated in support of the claimant's claim for benefits.

(AR 24.)

The plaintiff contends that the ALJ improperly rejected the lay witnesses' statements without providing reasons germane to each witness. (Dkt. 21 at 9-10.) Citing *Smolen*, the plaintiff argues that an ALJ cannot discredit lay testimony because it is not supported by medical evidence in the record. *Smolen*, 80 F.3d at 1289 ("The rejection of the testimony of [the claimant's] family members because [the claimant's] medical records did not corroborate her fatigue and pain violates SSR 88-13, which directs the ALJ to consider the testimony of lay witnesses where the claimant's alleged symptoms are *unsupported* by her medical records."). Here, however, the ALJ did not determine that the lay witnesses' statements were *unsupported* by the medical evidence, but rather that the lay witnesses' statements were *contradicted* by the

REPORT AND RECOMMENDATION
PAGE -7

medical evidence as well as the plaintiff's own testimony.  This is a proper reason for discounting lay testimony.  *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001)("One reasons for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

As the Commissioner argues, the ALJ noted that in 2005 examining physician Mark Heilbrunn, M.D., opined that plaintiff had "no limitations in standing, walking or sitting" throughout a full work day.  (AR 19, 23, 208, 212.)  Dr. Heilbrunn reported that the plaintiff "could be expected to stand or walk without limitations;" and that "he did not manifest fatigue." (AR 212.)  In addition, the ALJ stated that a 2006 biopsy report showed that plaintiff's hepatitis C was "mild," and a 2007 medical report indicated that his treating physician had "no plan at this point . . . for treatment."  (AR 19, 20, 23, 245, 292, 430.)

The ALJ further noted that examining psychologist Jeff Bremer, Ph.D., evaluated the plaintiff in December 2006 and August 2007, and reported that plaintiff's mental status examinations were unremarkable.  (AR 20.)  Dr. Bremer assigned plaintiff a Global Assessment of Functioning[3] ("GAF") score of 75 after both examinations, finding no indication of any emotional, personality, attentional or thought disorder.  (AR 20-21, 281-86, 304-10.) In 2006, the plaintiff claimed "to be able to work physically, but not psychologically, '[b]ecause I am afraid of spreading my disease (Hepatitis C) to other people – I'm paranoid

---

[3]The GAF score is a subjective determination based on a scale of 1 to 100 of "the clinician's judgment of the individual's overall level of functioning."  American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32-34 (4th ed. 2000).  A GAF score of 71-80 indicates that "[i]f symptoms are present, they are transient and expectable reactions to psycho-social stressors (e.g., difficulty concentrating after family argument); no more than slight impairment in social, occupational, or school functioning (e.g., temporarily falling behind in schoolwork)."  *Id*.

about being infectious.'" (AR 20, 281.) He admitted, "I'm capable of working, I don't deny it, but it's the psychological problems." (AR 281.) Likewise, in 2007, the plaintiff reported that he felt "healthy" and could "move and function," and "did not see himself as having any emotional or psychological problems." (AR 23, 304-305.) When Dr. Bremer asked the plaintiff whether he believed he could work, the plaintiff replied, "I feel I could, But it's the paranoia of getting cut and bleeding." (AR 20-21, 306.) Plaintiff also reported to Dr. Bremer that "there had been no changes physically" since his 2006 examination, and that his sleep, appetite, maintenance of weight, and libido were "fine." (AR 304-305.) The plaintiff stated that once his social security claim was settled, "I can either get a job or not." (AR 23, 305.)

In addition, the ALJ found the lay witnesses' statements were inconsistent with plaintiff's relatively active level of daily functioning, and thus were properly rejected. *See Lewis,* 236 F.3d at 511-12; *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)(inconsistency between a claimant's activities and a lay witness's statement is a germane reason to reject the lay testimony). Specifically, the ALJ noted that plaintiff cared for his 16 year old son, prepared meals, shopped, cleaned, used public transportation, cared for his own personal needs as well as cared for his ailing wife for a period of time, gardened, and rode a bicycle for transportation. (AR 21, 24.) The ALJ found such robust activities of daily living inconsistent with his complaints and limitations regarding his alleged disability. (AR 24.)

The Court concludes that the ALJ properly discounted the lay witness statements which she adequately tied to her evaluation of the medical evidence and her analysis of plaintiff's credibility. This finding is supported by substantial evidence in the record and was germane to

each witness. *See Lewis*, 236 F.3d at 512 (lay testimony cannot establish limitations contradicted by the medical records); *see also Bayliss*, 427 F.3d at 1218 ("The ALJ accepted the testimony of Bayliss's family and friends that was consistent with the record of Bayliss's activities and the objective evidence in the record; he rejected portions of their testimony that did not meet this standard. The ALJ's rejection of certain testimony is supported by substantial evidence and was not error."). Even if the evidence could result in "more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679.

The plaintiff also contends that by discussing the lay witnesses as a group rather than individually, the ALJ failed to provide reasons "germane to each witness." (Dkt. 21 at 10.) The Commissioner contends there is no reason the ALJ could not discuss the lay witnesses' statements collectively. (Dkt. 23 at 7-8.) The Court agrees with the Commissioner that there is no reason the ALJ could not discuss lay witness statements collectively, as long as the ALJ provided reasons germane to each witness. Here, the ALJ's reasons for discounting the lay witness statements – because they were contradicted by the medical evidence and plaintiff's own testimony – were germane to each lay witness. Accordingly, there was no error.

Lastly, the plaintiff argues that the ALJ erred by discounting the lay witnesses' statements because they were "generated in support of the claimant's claim for benefits." (AR 24 at 4.) The Commissioner argues that the ALJ properly considered the relationship between the lay witnesses and the plaintiff. (Dkt. 23 at 7.) The Commissioner points to the Ninth Circuit's decision in *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006), in which the Court upheld the ALJ's decision to discount the claimant's former-girlfriend's testimony, in part, because of the witness's "close relationship with the claimant, and the possibility that she was

'influenced by her desire to help [him].'"

Here, however, there is no evidence that the lay witnesses were influenced by a desire to help the plaintiff. Absent actual evidence that the lay witnesses were motivated by a desire to help the plaintiff, this is not a germane reason to discount their testimony. *See Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 694 (9th Cir. 2009)(noting that lay witnesses may not be dismissed out of hand because they are inclined to be partial to the claimant, rather the ALJ must point out "evidence that a specific [witness] exaggerated a claimant's symptoms *in order to get access to his disability benefits*"); *see also Ratto v. Sec'y, Dept. of Health & Human Servs.*, 839 F. Supp. 1415, 1428-29 (D. Or. 1993)("By definition, every claimant who applies for [disability] benefits does so with the knowledge-and intent-of pecuniary gain. That is the very purpose of applying for [disability] benefits. . . . If the desire or expectation of obtaining benefits were by itself sufficient to discredit a claimant's testimony, then no claimant (or their spouse, or friends, or family) would ever be found credible.") In any event, this error was harmless because the ALJ provided other germane reasons for discounting the lay witnesses' statements. *See Carmickle*, 533 F.3d at 1162-63.

B.   <u>Hypothetical to the Vocational Expert</u>

Residual Functional Capacity ("RFC") is the most a claimant can do considering his limitations or restrictions. *See* SSR 96-8p. A hypothetical posed to a Vocational Expert ("VE") must accurately reflect all of the claimant's functional limitations supported by the record. *Thomas*, 278 F.3d at 956 (citing *Flores v. Shalala*, 49 F.3d 562, 520-71 (9th Cir. 1995)). The ALJ is not required to include limitations for which there is no evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). A VE's testimony based on an

incomplete hypothetical lacks evidentiary value to support a finding that a claimant can perform jobs in the national economy. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (citing *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)). The ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss,* 427 F.3d at 1217. The ALJ is responsible for determining credibility and resolving conflicts in the evidence when determining a claimant's ability to perform basic work. 20 C.F.R. § 416.927; SSR 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). *See also Richardson v. Perales,* 402 U.S. 389, 400 (1971); *Andrews,* 53 F.3d at 1039; SSR 96-8p (determination of disability is Commissioner's statutory responsibility).

In finding plaintiff able to perform the jobs of meter reader, PCB computer board touch up inspector, and picking table worker, the ALJ relied on the testimony of the VE. (AR 25-26.) Plaintiff contends that the ALJ's hypothetical to the VE failed to include limitations for fatigue, depression, and anxiety, as described by the plaintiff, the three lay witnesses, and medical expert Joselyn Bailey, M.D. (Dkt. 21 at 10-12.) The Commissioner argues that the ALJ's hypothetical properly included all limitations supported by substantial evidence. (Dkt. 23 at 11-13.) The Commissioner further contends that the ALJ specifically accommodated plaintiff's fatigue in the RFC by limiting him to light work. *Id*. at 13.

The Court agrees with the Commissioner that the hypothetical to the VE captured the functional limitations identified by the ALJ, including the plaintiff's fatigue. Although plaintiff has urged an alternative interpretation of the evidence, the ALJ's findings and the hypothetical that was based on them were accurate and complete. As discussed above, the

ALJ properly discounted the lay witnesses' testimony. (AR 24.)

In addition, the ALJ found that the plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not credible." (AR 23.) Specifically, the ALJ found that plaintiff's testimony was inconsistent with the medical record and his robust activities of daily living. (AR 23-24.) The ALJ also found that plaintiff's testimony was contradicted by his statements to Dr. Bremer that he was "able to work," and that once his social security claim was settled, "I can either get a job or not." (AR 23, 281, 305.) In addition, the ALJ found the plaintiff's substance abuse further impugned his credibility because of his repeated alcohol relapses, his six arrests for Driving Under the Influence, and because he was not forthcoming about his alcohol abuse at the hearing. (AR 24.) The plaintiff did not challenge the ALJ's credibility finding and has therefore waived this issue. *See Carmickle*, 533 F.3d at 1161, n.2 (declining to address credibility issue because the plaintiff had failed to argue the issue in briefing). Because the ALJ properly discounted plaintiff's credibility, he was not required to include the limitations plaintiff testified to in the hypothetical.

Furthermore, contrary to plaintiff's contention, the ALJ properly accounted for Dr. Bailey's testimony. Dr. Bailey testified that plaintiff's hepatitis C was mild, and his viral count was low. (AR 430.) She further testified that "just about anybody with any type of liver disease . . . seems to have fatigue," but she did not opine as to the severity of plaintiff's fatigue or provide any work-related limitations. (AR 434.)

In her decision, the ALJ wrote, "It is noted that the undersigned has accommodated the claimant's fatigue, the need for less pressure on hands and left hand injury with regard to

REPORT AND RECOMMENDATION
PAGE -13

residual functional capacity assessment as outlined above." (AR 23.) In her RFC assessment, the ALJ limited plaintiff to light work. (AR 21.)

The ALJ's rejection of the additional limitations offered to the VE by plaintiff's attorney did not constitute error. After the VE had responded to the ALJ's hypothetical, plaintiff's counsel inquired as to whether plaintiff could still perform the identified jobs if "two to three times a month, because of his energy level he'd be forced to leave work while he was working." (AR 441.) The VE responded that the plaintiff "may be able to obtain a job, but he could not retain that job." *Id*. However, because the ALJ appropriately discounted the plaintiff's and lay witnesses testimony, he was not obligated to accept the limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001); *see also Magallanes*, 881 F.2d at 756-57 (noting that ALJs need not accept restrictions not supported by substantial evidence as true). The ALJ thus properly rejected the additional restrictions, because he found they were not supported by the evidence.

Plaintiff also asserts that the ALJ failed to account for plaintiff's depression and anxiety. However, no physician ascribed any limitations associated with petitioner's depression or anxiety. Rather, as indicated above, Dr. Bremer found the plaintiff's 2006 and 2007 mental status examinations unremarkable, and indicated that the plaintiff had no restrictions. (AR 20-21.) Moreover, as the Commissioner argues, Dr. Bailey testified that "the anxiety problem . . . has not been developed in the record as something that is very problematic," (AR 431) and it "doesn't sound like he's got a serious mental problem from what I see in the record." (AR 434-35.)

As indicated above, the ALJ reasonably discounted the limiting effects claimed by

plaintiff. Therefore, the ALJ was not required to include these limitations in his step five hypothetical. The ALJ's hypothetical question and final RFC determination are supported by substantial evidence and reflect a reasonable interpretation of the evidence in its entirety.

## V. CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of September, 2010.

Mary Alice Theiler
United States Magistrate Judge